# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| MATTHEW WALDECKER Individually and for Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>EDGEWATER TECHNICAL ASSOCIATES, LLC,<br><br>    Defendant. | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Matthew Waldecker (Waldecker) brings this lawsuit to recover unpaid overtime wages and other damages from Edgewater Technical Associates, LLC (Edgewater) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

2. Waldecker worked for Edgewater as an hourly employee.

3. Waldecker and the Straight Time Employees (defined below) regularly worked more than 40 hours a week.

4. But Edgewater did not pay them overtime.

5. Instead of paying overtime as required by the FLSA, Edgewater paid Waldecker and the Straight Time Employees the same hourly rate for all hours worked, including those in excess of 40 hours in a single week (or "straight time for overtime").

6. Edgewater never paid Waldecker or the Straight Time Employees a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Edgewater maintains its corporate headquarters in this District.

10. Specifically, Edgewater maintains its corporate headquarters in Los Alamos, New Mexico, which is in this District.

## THE PARTIES

11. Waldecker was an hourly employee of Edgewater.

12. Waldecker worked for Edgewater as Staff Augmentation from approximately May 2019 through September 2019.

13. Throughout his employment, Edgewater paid Waldecker the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek.

14. His written consent to be a party plaintiff is attached as <u>Exhibit 1</u>.

15. Waldecker brings this action on behalf of himself and all other similarly situated workers who Edgewater paid straight time for overtime.

16. Edgewater paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek in violation of the FLSA.

17. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current or former employees of Edgewater who were paid "straight time for overtime" at any time during the past three years ("Straight Time Employees").**

18. Edgewater is a limited liability company that maintains its headquarters in Los Alamos, New Mexico.

19. Edgewater can be served with process by serving its registered agent: **Incorp Services, Inc., 1012 Marquez Place, Santa Fe, NM 87501.**

## COVERAGE UNDER THE FLSA

20. At all relevant times, Edgewater was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Edgewater was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, Edgewater was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

23. At all relevant times, Edgewater has had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

24. At all relevant times, Waldecker and the Straight Time Employees were engaged in commerce or in the production of goods for commerce.

## THE FACTS

25. Edgewater is a "professional and technical services firm supporting the U.S. Department of Energy, the U.S., U.K., and Canadian Commercial Nuclear Industry, and private sector business involved in high-hazard and complex operations" by "provid[ing] … staff augmentation."[1]

26. Waldecker was an hourly employee of Edgewater.

27. Waldecker performed work under the job title of Staff Augmentation.

28. As Staff Augmentation, Waldecker trained Edgewater's clients' employees in the clients' policies, procedures, and specifications in accordance with the clients' and the nuclear industry's standards and government regulations.

29. Waldecker worked for Edgewater from approximately May 2019 through September 2019.

30. Throughout his employment with Edgewater, Edgewater paid Waldecker the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

31. Specifically, Edgewater paid Waldecker approximately $78.00 for every hour he worked, including those in excess of 40 in a week.

32. Edgewater paid Waldecker and the Straight Time Employees under its straight time for overtime pay scheme.

33. Edgewater did not pay Waldecker and the Straight Time Employees a guaranteed salary.

34. If Waldecker and the Straight Time Employees worked fewer than 40 hours in a week, they were only paid for the hours worked.

---

[1] https://www.edgewatertech.net/ (last visited December 13, 2020).

35. Waldecker and the Straight Time Employees regularly worked over 40 hours in a week.

36. In fact, Waldecker and the Straight Time Employees regularly worked 10-hour daily shifts, for at least 5 days each week.

37. Waldecker's schedule is typical of the Straight Time Employees.

38. Instead of paying overtime, Edgewater paid Waldecker and the Straight Time Employees the same hourly rate for all hours they worked, including those in excess of 40 hours in a workweek.

39. Waldecker and the Straight Time Employees worked in accordance with the schedule set by Edgewater and/or its clients.

40. The hours Waldecker and the Straight Time Employees worked are reflected in Edgewater's records.

41. Rather than receiving time and half as required by the FLSA, Waldecker and the Straight Time Employees only received "straight time" pay for the hours they worked over 40 in a workweek.

42. Edgewater's "straight time for overtime" payment scheme violates the FLSA because it deprives Waldecker and the Straight Time Employees of overtime at a rate of 1½ their regular rates for the hours they work in excess of 40 hours in a single workweek.

43. Edgewater is aware, or should have been aware, that the FLSA required it to pay Waldecker and the Straight Time Employees overtime premiums for all hours worked in excess of 40 hours per workweek.

44. Edgewater knew Waldecker and the Straight Time Employees worked more than 40 hours a week.

45. Edgewater knew, or showed reckless disregard for whether, the Straight Time Employees were entitled to overtime under the FLSA.

46. Nonetheless, Edgewater did not pay Waldecker and the Straight Time Employees overtime as required by the FLSA.

47. Edgewater knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48. Waldecker incorporates all previous paragraphs and alleges that the illegal pay practices Edgewater imposed on Waldecker were likewise imposed on the Straight Time Employees.

49. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

50. Numerous other individuals, like Waldecker, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

51. Based on his experiences and tenure with Edgewater, Waldecker is aware that Edgewater's illegal practices were imposed on the Straight Time Employees.

52. The Straight Time Employees were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of 40 hours per week.

53. Edgewater's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Employees.

54. The specific job titles or precise job locations of the Straight Time Employees do not prevent collective treatment.

55. Waldecker has no interest contrary to, or in conflict with, the Straight Time Employees.

56. Like each Straight Time Employee, Waldecker has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

57. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

58. Absent this collective action, many Straight Time Employees likely will not obtain redress of their injuries, and Edgewater will reap the unjust benefits of violating the FLSA and applicable state labor laws.

59. Furthermore, even if some of the Straight Time Employees could afford individual litigation against Edgewater, it would be unduly burdensome to the judicial system.

60. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

61. Waldecker and the Straight Time Employees sustained damages arising out of Edgewater's illegal and uniform employment policy.

62. Waldecker knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

63. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts; therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION
## FLSA VIOLATIONS

64. Waldecker brings his FLSA claims as a collective action under 29 U.S.C. § 216(b).

65. Edgewater employed, or employs, Waldecker and the Straight Time Employees within the meaning of the FLSA.

66. By failing to pay Waldecker and the Straight Time Employees overtime at 1.5 times their regular rates when they worked in excess of 40 hours in a workweek, Edgewater has violated, and is violating, Section 7 of the FLSA. 29 U.S.C. § 207.

67. Edgewater failed to pay Waldecker and the Straight Time Employees a guaranteed salary or on a "salary basis."

68. Edgewater failed to pay Waldecker and the Straight Time Employees overtime at the rates required by the FLSA.

69. Instead, Edgewater paid Waldecker and the Straight Time Employees straight time for overtime.

70. Edgewater owes Waldecker and the Straight Time Employees the difference between the rate paid to them and the proper overtime rate.

71. Edgewater knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Waldecker and the Straight Time Employees overtime compensation.

72. Edgewater's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

73. Accordingly, Waldecker and the Straight Time Employees are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorneys' fees and costs.

## JURY DEMAND

74. Waldecker demands a trial by jury.

## PRAYER

75. Waldecker prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Straight Time Employees with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Edgewater liable for unpaid back wages due to Waldecker and the Straight Time Employees for liquidated damages equal in amount to their unpaid compensation;

   c. Judgment awarding Waldecker and the Straight Time Employees all unpaid overtime and other damages available under the FLSA;

   d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    TX Bar No. 24014780
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    **Taylor A. Jones\***
    Texas Bar No. 24107823
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com
    *\*Pro Hac Vice Application Forthcoming*

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS FOR PLAINTIFF**
    **& PUTATIVE CLASS MEMBERS**